UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODNEY A. BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:13-cv-1631-WTL-DML |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

When asked by the administrative law judge ("ALJ") to describe the "primary reason why you're not able to engage in full-time competitive work," Plaintiff Rodney Barnes replied: "Well, there's I get tired very easy and when I stand up amount [sic] of time my feet start aching—feel like pins and needles sticking in the bottom of my feet." Record at 36. He further testified that the pain in his feet limited his ability to stand and walk, that his foot pain was a six out of ten with medication and a seven out of ten without medication, and that once "[his] feet started hurting worse when [he] tried to stand up too much at work" and he could no longer keep up with his job as a cook, his long-time employer allowed him to reduce his hours to one day a week and to work that shift at night, when the restaurant is closed and his duties permit him to sit down much of the time. The record also contains evidence that he has received medical treatment for his foot problems and that he has been diagnosed with several potentially painful foot conditions, including hallux interphalnageous, a plantarflexed metatarsal, and porokeratosis. While the ALJ acknowledges in his decision that Barnes complains of foot problems, the ALJ's opinion does not acknowledge the podiatric diagnoses and treatment in the record and does not explain why he believes the conditions are not severe impairments; indeed, reading the ALJ's

decision would lead one to assume that Barnes's complaints about foot pain have no medical basis. This omission is perplexing give that foot pain appears to be a primary reason why Barnes believes he is unable to work full-time.

While failing to address whether any of Barnes's foot disorders were severe impairments could be harmless error, *see Curvin v. Colvin,* \_\_\_\_ F.3d \_\_\_\_, 2015 WL 542847 (7th Cir. 2015), the fact that the ALJ ignored medical diagnoses which might well explain the primary disabling symptom Barnes complains of in determining his residual functional capacity and considering his credibility was not. In explaining his opinion that Barnes was only "partially credible," the ALJ stated:

> Although the claimant has described activities that are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant's functioning to be severely limited. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are outweighed by the other factors discussed in this decision.
>
> While the claimant's medically determinable impairments could reasonably be expected to cause in general the alleged symptoms and limitations, the extent of those symptoms and limitations are not supported by medically acceptable clinical and diagnostic techniques. Neither are the symptoms and limitations described by the claimant supported by the records of the treating and examining healthcare professionals. Further, there is insufficient objective medical evidence that the impairments are of such severity that they can reasonably be expected to give rise to the alleged level of pain and limitations. Although a claimant's subjective complaints of pain and other symptoms may not simply be ignored, discrepencies with the record may be viewed as "probative of exaggeration," (*Knox v. Astrue*, 327 Fed. Appx. 652 at 655 (7th Cir. 2009)).

Record at 19. Because the ALJ did not mention Barnes's objectively diagnosed foot conditions, it is impossible to know whether he considered them and determined that they did not explain the pain Barnes claims to have—and, if so, the grounds for that determination—or whether the ALJ

2

simply failed to consider them at all.[1]  "[A]lthough the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (internal citations omitted).  To do so renders the reviewing court unable to determine whether the ALJ's decision rests on substantial evidence.  *Id.*; *see also Minnick v. Colvin*, ___ F.3d ___, 2015 WL 75273 (7th Cir. 2015) (error for ALJ to fail to mention objective evidence in record that provided "medical explanation for at least some of [plaintiff's] pain and weakness").

The decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with the Court's Entry.

SO ORDERED:  2/18/15

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1]The ALJ had a duty to fully develop the record, *Minnick*, 2015 WL 75273; accordingly, if he did not know the import of the podiatric diagnoses in the record—and there is no reason to believe he did—he should have asked either the treating physician or a medical expert.